

DA 12-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 269N

WARREN UNTERHOLZNER and
DOROTHY UNTERHOLZNER,

      Plaintiffs and Appellees,

  v.

JAMES BLAKE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADV-2012-808
                Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James Blake, self-represented, Helena, Montana

        For Appellees:

            Gregory W. Duncan, Attorney at Law, Helena, Montana

                      Submitted on Briefs:  August 28, 2013

                                  Decided:   September 17, 2013

Filed:

                        _____
                                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Warren and Dorothy Unterholzner (Unterholzners) initiated this action in the Lewis and Clark County Justice Court and sought, pursuant to the Montana Unlawful Detainer Act, removal of James Blake (Blake) from a residence they owned in the Birdseye area near Helena. Unterholzners permitted Blake to reside in the home during the winter months of 2009-2010 and 2010-2011 when he had nowhere to live, and Blake looked after the property. However, when Unterholzners required Blake to leave the property so it could be used by a group of people in the spring of 2011, Blake refused. After an initial Justice Court judgment in favor of Unterholzners was reversed on appeal to the District Court, and Blake filed a motion for substitution of judge, the case was tried before Hon. Bob Wood in May 2012. According to the Justice Court's findings of fact and conclusions of law, Blake "had no legal right and basis to stay" in the house, and Unterholzners "were compelled to legal action to have Mr. Blake removed." The Justice Court concluded that Unterholzners were owed attorney fees and costs.

¶3 Blake appealed to the District Court. The District Court began its discussion by noting that Blake's failure to timely file a brief in support of the appeal, despite having notice of the requirement to do so, subjected the appeal to dismissal. The District Court further determined, "after a complete review of the file in this matter and the audio recording of the May 2012 trial," to affirm the judgment entered by the Justice Court "in all respects," and awarded attorney fees and costs to Unterholzners on appeal. After consideration of Unterholzners' fee affidavit and Blake's objections thereto, the District Court entered an order explaining it had ruled in Unterholzners' favor on two grounds: for Blake's failure to file a brief, and upon consideration of the evidence. The District Court stated that the case began as a result of Blake's "blatant refusal" to leave Unterholzners' residence when asked and that Blake was "the author of his own destiny." The court found the attorney fee request to be reasonable and entered a judgment against Blake in the amount of $4,185.00.

¶4 On appeal, Blake argues the District Court erred by referencing dismissal of the appeal for failure to file a brief, as he had a reasonable excuse for failing to do so and Unterholzners did not request dismissal; by entering an order that insufficiently addressed the issues he raised on appeal, including his claim of slander; by extending the time for Unterholzners to submit their bill of costs and affidavit in support of attorney fees; and that the Justice Court lacked jurisdiction over the case. Unterholzners argue that the appeal was properly dismissed under the rules for failure to file a brief, that Blake is

3

raising issues not properly preserved, such as his slander claim, and that attorney fees and costs were properly awarded.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of the Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion, and there clearly was not an abuse of discretion. Any legal issues are controlled by settled law and were correctly interpreted by the District Court.

¶6     Affirmed.


/S/ JIM RICE


We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON